IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 8, 2026

**TERESA LOCKE v. LOLITA LOCKE**

**Appeal from the Circuit Court for Williamson County**
**No. 23CV-208        Deana C. Hood, Judge**

————————————————————

**No. M2025-00530-COA-R3-CV**

————————————————————

The defendant appeals from an order granting the plaintiff possession of real property. Because the order appealed does not dispose of the plaintiff's claim for damages, we dismiss the appeal for lack of appellate jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ANDY D. BENNETT, W. NEAL MCBRAYER, and JEFFREY USMAN, JJ.

Lolita Locke, Franklin, Tennessee, pro se.

Daniel Olen Barham, Sr., Arrington, Tennessee, for the appellee, Teresa Locke.

**MEMORANDUM OPINION**[1]

The appellee, Teresa Locke, owns a 67.7 acre tract of land in Williamson County. The appellant, Lolita Locke, occupied a mobile home located on the property. On May 2, 2023, the appellee filed a Complaint for Ejectment and Unlawful Detainer. In addition to possession, the complaint sought actual and consequential damages. On March 11, 2025, the trial court granted the appellee possession of the property but did not dispose of the appellee's claim for damages. Rather, the order provides that "the issue of damages as it relates to Plaintiff's removal of Defendant's personal property from the premises is reserved."

Under Tennessee Rule of Appellate Procedure 3(a), a party may appeal as of right after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). A final judgment

---

[1] Under Tennessee Court of Appeals Rule 10, a case decided by memorandum opinion shall not be published and shall not be cited or relied on for any reason in any unrelated case.

is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and thus is interlocutory. *Id.*; *Interlocutory*, Black's Law Dictionary (12th ed. 2024). Appeals from interlocutory orders must be authorized by rule other than Tennessee Rule of Appellate Procedure 3(a) or by statute. *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990).

The clerk filed the record on appeal on August 21, 2025. After reviewing the record, this Court determined that the March 11, 2025 order was interlocutory because it did not dispose of the issue of damages. So we ordered the parties either to obtain a final judgment within ninety days or else to show cause why the appeal should not be dismissed. Although more than ninety days have passed, no final judgment has been received, and the trial court has entered an order noting that the parties have taken no action to obtain a final judgment. Further, the parties have not otherwise responded to the show cause order to indicate what rule or statute authorizes appellate rule of the interlocutory order.

Having failed to identify an applicable rule or statute authorizing an appeal, the appeal is hereby dismissed for lack of appellate jurisdiction. The dismissal is without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion.

PER CURIAM